## Fesler v. R.C.H., Inc.

*Leonard J. Tripodi,* for plaintiffs.
*Robert J. Scallan,* for defendants.

deFURIA, *J.,* December 11, 1974—On June 4, 1973, plaintiffs, Milton H. Fesler and La Vonne M. Fesler, his wife, entered into a written agreement of sale with defendant, R.C.H., Inc., whereby R.C.H., Inc. was to construct a single-family dwelling for plaintiffs. Settlement on the said house and lot was held on August 3, 1973. Certain items pertaining to construction were incomplete at the time of settlement and R.C.H., Inc. allegedly warranted that

work would be completed in a good and workman-like manner. After plaintiffs moved into the subject house, they found certain alleged defects in the construction of the house and certain items were allegedly left incomplete.

On April 5, 1974, plaintiffs filed a complaint in assumpsit and trespass seeking damages in the sum of $11,122.50 as costs to repair the alleged defects. Plaintiffs also included in their complaint a claim for damages for mental anguish in the amount of $10,000 and a claim for punitive damages for $25,000.

Defendant has filed preliminary objections to the complaint in the nature of a demurrer and a motion to strike the complaint because of impertinent matter and lack of conformity to law. Defendant's position is twofold:

(1) The facts pleaded do not give rise to a cause of action in trespass;

(2) A claim for mental anguish and punitive damages is not proper in assumpsit.

A review of plaintiffs' complaint reveals that count one, in assumpsit, pleads the following:

"17. Solely due to the breach of agreement between the parties, the Plaintiffs have suffered great mental anguishment and pain, and claim, therefore, damages in the amount of $10,000.00.

"18. Solely due to the wanton and wilful misconduct and breach of agreement between the parties, the Plaintiffs claim punitive damages against the Defendants jointly and severally in the amount of $25,000.00."

Count two of plaintiffs' complaint, in trespass, pleads the following:

"21. Under the relationship established between

the parties, the Defendants assumed and owed a duty of care to the Plaintiffs to perform their responsibilities to the Plaintiffs in a proper and reasonable manner.

"22. Solely due to the breaches of the duty of care owed the Plaintiffs, they have suffered great mental pain and anguishment and claim therefore damages in the amount of $10,000.00.

"23. Defendants' failure to perform their duty of care owed to the Plaintiffs was done in a wanton and wilful manner and Plaintiffs claim punitive damages in the amount of $25,000.00."

It is clear to this court that plaintiffs' cause of action is based upon and arises out of an alleged breach of a written contract. Therefore, the following rule of law would seem applicable:

"In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless *and caused bodily harm* and where it was the wanton or reckless breach of a contract to render a performance of such a character that the Defendant *had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss.*": (Emphasis ours.) Restatement, Contracts, §341; Emerman v. Baldwin, 186 Pa. Superior Ct. 561, 142 A. 2d 440 (1958).

It is the opinion of this court that the facts pleaded in plaintiffs' complaint are not sufficient or adequate at law to sustain plaintiffs' claim for damages for mental anguish nor punitive damages. Plaintiffs have offered no authority to sustain their position regarding such damages.

Therefore, we enter the following

## ORDER

And now, December 11, 1974, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

(1) Defendant's preliminary objection in the nature of a demurrer and motion to strike be and the same are hereby sustained;

(2) Leave is hereby granted to plaintiffs to file an amended complaint within 20 days of receipt of this opinion and order.